B1 (Official Form 1) (4/10)

| UNITED STATES BANKRUPTCY COURT<br>District of Delaware | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Constar International Inc. | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>9304 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>One Crown Way<br>Philadelphia, PA<br>ZIP CODE 19154 | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>Philadelphia | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☑ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☑ Other | ☐ Chapter 7   ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 9<br>☑ Chapter 11<br>☐ Chapter 12   ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding<br>☐ Chapter 13 |
| | **Tax-Exempt Entity**<br>(Check box, if applicable.)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box.)<br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."   ☑ Debts are primarily business debts. |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☑ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br><br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (*amount subject to adjustment on 4/01/13 and every three years thereafter*).<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☐ 1-49 | ☑ 50-99 | ☐ 100-199 | ☐ 200-999 | ☐ 1,000-5,000 | ☐ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☐ Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☑ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☑ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

B1 (Official Form 1) (4/10)                                                                                                                          Page 2

| **Voluntary Petition** _(This page must be completed and filed in every case.)_ | **Name of Debtor(s):** Constar International Inc. |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location Where Filed: Delaware | Case Number: 08-13432 | Date Filed: 12/30/2008 |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor: See attached Annex A | Case Number: As assigned | Date Filed: |
| District: District of Delaware | Relationship: Affiliate | Judge: As assigned |

| **Exhibit A** (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)  ☑ Exhibit A is attached and made a part of this petition. | **Exhibit B** (To be completed if debtor is an individual whose debts are primarily consumer debts.)  I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).  X _____ Signature of Attorney for Debtor(s)        (Date) |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No.

---

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

---

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

---

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form) 1 (4/10)                                                                                          Page 3

| **Voluntary Petition** *(This page must be completed and filed in every case.)* | **Name of Debtor(s):** Constar International Inc. |

**Signatures**

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct. [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b). I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition. (Check only one box.) ☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached. ☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. |
| X _____ Signature of Debtor | X _____ (Signature of Foreign Representative) |
| X _____ Signature of Joint Debtor | _____ (Printed Name of Foreign Representative) |
| _____ Telephone Number (if not represented by attorney) | |
| _____ Date | _____ Date |

| **Signature of Attorney*** | **Signature of Non-Attorney Bankruptcy Petition Preparer** |
|---|---|
| X _Neil B. Glassman_ Signature of Attorney for Debtor(s) Neil B. Glassman, Esq. (No.2087) Printed Name of Attorney for Debtor(s) Bayard, P.A. Firm Name 222 Delaware Avenue, Suite 900 Wilmington, DE 19801 Address (302) 655-5000 Telephone Number 1/11/11 Date *In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached. _____ Printed Name and title, if any, of Bankruptcy Petition Preparer _____ Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.) _____ |
| **Signature of Debtor (Corporation/Partnership)** | _____ |
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor. The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition. X _____ Signature of Authorized Individual Grant H. Beard Printed Name of Authorized Individual President, Chief Executive Officer Title of Authorized Individual _____ Date | X _____ Address _____ Date Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above. Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual. If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person. *A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

## ANNEX A TO VOLUNTARY PETITION

### AFFILIATED ENTITIES

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) have filed for relief under Chapter 11 of title 11 of the United States Code in this Court.  Contemporaneously with the filing of these petitions, such entities have filed a motion for joint administration of their Chapter 11 cases.

BFF Inc.
Constar Foreign Holdings, Inc.
Constar International U.K. Limited
Constar, Inc.
DT, Inc.

# UNITED STATES BANKRUPTCY COURT

### District of Delaware

In re   Constar International Inc. _____ ,      )    Case No. _____

               Debtor         )

                             )

                             )    Chapter 11

## EXHIBIT "A" TO VOLUNTARY PETITION

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is ___0001193125_____ .

2. The following financial data is the latest available information and refers to the debtor's condition on ___September 30, 2010___ .

     a. Total assets                               $ ___418,000,000.00___

     b. Total debts (including debts listed in 2.c., below)    $ ___414,000,000.00___

     c. Debt securities held by more than 500 holders:

| | | | | | Approximate number of holders: |
|---|---|---|---|---|---|
| secured ☑ | unsecured ☐ | subordinated ☐ | $ | 220,000,000 | unknown |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | | |

     d. Number of shares of preferred stock               _____

     e. Number of shares common stock                 __1,750,000__    unknown

        Comments. if anv:

Holder of Third Party Debt, Assets are investments in Subs.

3. Brief description of debtor's business:

PET Plastics Company.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:

Solus Alternative Capital Management LP, Solus GP, LLC and Christopher Pucillo; FMR LLC; Trafelet Capital Management, L.P., Trafelet & Company LLC and Remy Trafelet; and Peritus Asset Management LLC

## RESOLUTIONS OF THE BOARD OF DIRECTORS OF

## CONSTAR INTERNATIONAL INC.

I, Kenneth Giannantonio, the duly qualified and appointed Secretary of Constar International Inc., a Delaware Corporation (the "Company"), hereby certify that at a special meeting of the Board of Directors of the Company duly called and held on January 10, 2011, the following resolutions (collectively, the "Resolutions") were adopted in accordance with the by-laws of the Company and that said Resolutions have not been modified or rescinded and are still in full force and effect on the date hereof:

> WHEREAS, the Board of Directors reviewed the materials presented by the management and the advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the impact of the foregoing on the Company's businesses and members; and

> WHEREAS, the Board of Directors has had the opportunity to consult with the management and the advisors of the Company and fully consider each of the strategic alternatives available to the Company.

> NOW, THEREFORE, the Board of Directors of the Company hereby approves, adopts, and consents to the following resolutions:

I.       Voluntary Petition Under the Provisions of
         Chapter 11 of the United States Bankruptcy Code

> RESOLVED, that in the judgment of the Board of Directors of the Company, it is desirable and in the best interests of the Company, its creditors and other parties in interest that the Company file or cause to be filed a voluntary petition for relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and

> RESOLVED, that the officers of the Company, and each of them singly, acting for and on behalf of the Company (collectively, the "Authorized Officers"), be, and they hereby are, authorized and empowered to execute and file on behalf of the Company all petitions, schedules, lists and other motions, papers or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business; and

RESOLVED, that the Company be and hereby is authorized to execute and cause to be filed a plan of reorganization (the "Plan of Reorganization") and a disclosure statement (the "Disclosure Statement"), both of which shall contain the restructuring terms outlined in the Restructuring and Lockup Agreement (defined below), in each case subject to such changes, additions and/or deletions to the Plan of Reorganization or the Disclosure Statement as the Authorized Officers, and each of them acting singly, shall deem necessary or appropriate, in their own discretion, his or her execution and delivery thereof to be conclusive evidence of his or her authority granted pursuant hereto; and

RESOLVED, that the Authorized Officers and each of them singly, acting for and on behalf of the Company, be, and they hereby are, authorized and empowered (i) to execute and file on behalf of the Company the Plan of Reorganization and the Disclosure Statement, in each case subject to such changes, additions and/or deletions to the Plan of Reorganization or the Disclosure Statement as the Authorized Officers, and each of them acting singly, shall deem necessary or appropriate, in their own discretion, his or her execution and delivery thereof to be conclusive evidence of his or her authority granted pursuant hereto, and (ii) to take any and all actions that they deem necessary or proper to pursue and obtain confirmation of such Plan of Reorganization and approval of such Disclosure Statement; and

RESOLVED, that the Company be, and hereby is authorized and directed to employ the law firm of Wilmer Cutler Pickering Hale and Dorr LLP ("WilmerHale") as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the chapter 11 case and cause to be filed an appropriate application for authority to retain the services of WilmerHale; and

RESOLVED, that the Company, be and hereby is, authorized and directed to employ the law firm of Bayard, P.A. as local bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to

2

and immediately upon filing of the chapter 11 case and cause to be filed an appropriate application for authority to retain the services of Bayard, P.A.; and

RESOLVED, that the Company be, and hereby is, authorized and directed to employ the firm of Pricewaterhouse Coopers ("PwC") as independent auditors and accountants to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the chapter 11 case, and cause to be filed an appropriate application for authority to retain the services of PwC; and

RESOLVED, that the Company be, and hereby is, authorized and directed to employ the firm of Greenhill & Co. LLC as financial advisor and investment banker to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the chapter 11 case, and cause to be filed an appropriate application for authority to retain the services of Greenhill & Co., LLC; and

RESOLVED, that the Company be, and hereby is, authorized and directed to employ the firm of Kurtzman Carson Consultants LLC as notice, claims and balloting claims agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the chapter 11 case, and cause to be filed an appropriate application for authority to retain the services of Kurtzman Carson Consultants LLC; and

RESOLVED, that the Company be, and hereby is, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code, and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the chapter 11 case, and cause to be filed an

appropriate application for authority to retain the services of any
other professionals as necessary; and

II.    Restructuring and Lockup Agreement

RESOLVED, that the Company be and they hereby is authorized
to enter into and perform its obligations under that certain
Restructuring and Lockup Agreement (the "Restructuring and
Lockup Agreement") by and among Constar International Inc.,
BFF Inc., DT, Inc., Constar, Inc., Constar Foreign Holdings, Inc.,
and Constar International U.K. Limited and the holders of the
Company's floating rate notes signatory thereto, in substantially
the form presented to the Board of Directors, which agreement
provides for, among other things, certain agreements between the
Company and the holders of such floating rate notes with respect
to the restructuring of the Company and its affiliates through the
Plan, subject to such changes, additions and/or deletions thereto as
the Authorized Officers, and each of them acting singly, shall
deem necessary or appropriate, in their own discretion, his or her
execution and delivery thereof to be conclusive evidence of his or
her authority granted pursuant hereto; and

RESOLVED, that the Authorized Officers and each of them
singly, acting for and on behalf of the Company, be, and they
hereby are, authorized and empowered to execute and deliver the
Restructuring and Lockup Agreement, subject to such changes,
additions and/or deletions to the Restructuring and Lockup
Agreement as the Authorized Officers, and each of them acting
singly, shall deem necessary or appropriate, in their own
discretion, his or her execution and delivery thereof to be
conclusive evidence of his or her authority granted pursuant
hereto; and

III.   Debtor in Possession Financing

RESOLVED, that the Company be and hereby is authorized to
enter into and perform its obligations under a Senior Secured
Priming Super-Priority Debtor in Possession Note Purchase
Agreement, substantially in the form presented to the Board of
Directors (as the same may be amended, modified and/or restated
from time to time, the "DIP Note Purchase Agreement" and,
together with each other document, instrument, certificate or
agreement executed by the Company in connection therewith, the
"DIP Documents"), among the Company and certain of the
Company's direct and indirect subsidiaries, Constar, Inc., BFF
Inc., DT, Inc., and Constar Foreign Holdings, Inc. (each a debtor
and debtor in possession in a case to be filed under chapter 11 of

4

the Bankruptcy Code and each an "Issuer" and collectively, the "Issuers", under the DIP Note Purchase Agreement), Black Diamond Commercial Finance, L.L.C., in its individual capacity as a Purchaser (defined below) and as agent for the Purchasers (the "DIP Agent"), and each of the other financial institutions party thereto as purchasers of the Notes (defined below) (each a "Purchaser" and collectively, the "Purchasers"), providing for, among other things, (a) the issuance and sale of the Notes by the Issuers to the Purchasers, on the terms described in the DIP Note Purchase Agreement, in aggregate principal amount of $55,000,000, (b) each of the Issuers and the Guarantors (defined below) securing the Obligations (as defined in the DIP Note Purchase Agreement) by granting the DIP Agent, for the benefit of the Purchasers, a security interest in and a priming super-priority lien upon all or substantially all of its personal and real property, and (c) the guarantee of the Obligations by certain subsidiaries of the Company (the "Guarantors"), all in accordance with the terms and conditions contained in the DIP Note Purchase Agreement and the Notes, subject to such changes, additions and/or deletions as the Authorized Officers executing the same shall deem necessary or appropriate, his, her or their execution and delivery thereof to be conclusive evidence of his, her or their authority granted pursuant hereto; and

RESOLVED, that, in connection with the execution and delivery of the DIP Note Purchase Agreement, the Company be and hereby is, authorized to issue secured notes (the "Notes") from time to time, in one or more series, including, without limitation, the A-1 Notes, substantially in the form presented to the Board of Directors, and each other series of notes issued thereunder (the A-2 Notes, A-3 Notes, etc. . .) up to an aggregate principal amount of $55,000,000 to one or more Purchasers, and that the Authorized Officers be, and each of them acting singly hereby is, authorized in the name and on behalf of the Company, to execute and deliver the Notes, subject to such changes, additions and/or deletions as the Authorized Officers executing the same shall deem necessary or appropriate, his, her or their execution and delivery thereof to be conclusive evidence of his, her or their authority granted pursuant hereto; and

RESOLVED, that the Authorized Officers be and each of them singly hereby is, authorized, empowered and directed, for and on behalf of the Company, as security for any and all Obligations of the Company to the Purchasers in connection with the DIP Documents, (i) to grant, transfer, pledge, assign or otherwise hypothecate, or affirm any prior grant, transfer, pledge, assignment or other hypothecation, to the DIP Agent, for the benefit of the

Purchasers, any and all of the assets of the Company, including, without limitation, accounts, accounts receivable, contracts, contract rights, investment property, records, monies, securities, deposits, deposit accounts, credit balances, inventory, equipment (including equipment which may constitute fixtures), all subsidiary interests and general intangibles and (ii) to execute and deliver any and all grants, transfers, assignments and other hypothecation or affirmation agreements, including without limitation, the grant of a security interest under a debtor in possession guaranty and security agreement (the "Security Agreement") made by the Company and the Issuers in favor of the DIP Agent, for the benefit of the Purchasers, substantially in the form presented to the Board of Directors, his, her or their execution and delivery thereof to be conclusive evidence of his or their authority granted pursuant hereto; and

RESOLVED, that the Authorized Officers be, and each acting singly hereby is, authorized and directed, in the name and on behalf of the Company, to approve the specific terms of each series of the Notes, including, without limitation, the type, title, designation and form, the interest rate or rates, the aggregate principal amount of Notes to be sold (up to the maximum amount authorized in the foregoing resolutions) and the price of the Notes; and

RESOLVED, that following the sale and issuance of the Notes, it is the intention of the Company: (i) to continue to be primarily engaged in the business of producing PET, or polyethylene terephthalate, plastic containers for food, beverages, and other end use applications (the "Company Business"), and not in the business of investing or reinvesting in, or owning, holding or trading securities; (ii) to utilize the proceeds of the sale of the Notes in the Company Business; and (iii) as soon as is reasonably possible, to have invested the proceeds of the sale of the Notes not theretofore expended in the Company Business in a manner consistent with their preservation for future use in the Company Business and with the Corporation not being an "investment company" as defined in the Investment Company Act of 1940, as amended; and

RESOLVED, that the Company, as debtor and debtor in possession under the Bankruptcy Code shall be, and hereby is, authorized to incur the Obligations and undertake all related transactions contemplated hereby (collectively, the "Financing Transactions"); and

RESOLVED, that the Authorized Officers be, and each acting singly hereby is, authorized and directed, in the name of and on

6

behalf of the Company, as debtor and debtor in possession, to take such actions and execute, deliver and perform (i) the DIP Documents and such agreements, certificates, instruments, guaranties, notices and any and all other documents as the Authorized Officers may deem necessary or appropriate to facilitate the Financing Transactions (collectively, the "Financing Documents"); (ii) such other instruments, certificates, notices, assignments and documents as may be reasonably requested by the DIP Agent; and (iii) such forms of deposit, account control agreements, officer's certificates and compliance certificates as may be required by the DIP Documents or any other Financing Document; and

RESOLVED, that the Authorized Officers be, and each acting singly hereby is, authorized and empowered to authorize the DIP Agent to file any Uniform Commercial Code (the "UCC") financing statements and any necessary assignments for security or other documents in the name of the Company that the DIP Agent deems necessary or convenient to perfect any lien or security interest granted under the DIP Documents, including any such UCC financing statement containing a super-generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of intellectual and other property of the Company, in each case as the DIP Agent may reasonably request to perfect the security interest of the DIP Agent under the DIP Documents; and

RESOLVED, that the Authorized Officers be, and each acting singly hereby is, authorized and empowered to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the Financing Documents, which shall in their sole judgment be necessary, proper or advisable to perform the Company's obligations under or in connection with the DIP Documents or any of the other Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and

RESOLVED, that the Authorized Officers be, be, and each acting singly hereby is, authorized and empowered to execute, deliver and perform any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Documents or any of the Financing Documents which shall in their sole judgment be necessary, proper or advisable; and

7

RESOLVED, that all acts and actions taken by the Authorized Officers or any of them acting singly prior to the date hereof with respect to the transactions contemplated by the DIP Documents and any of the other Financing Documents be, and hereby are, in all respects confirmed, approved and ratified; and

RESOLVED, that the Company be and hereby is authorized, upon court approval, to use the proceeds from the issuance of Notes under the DIP Note Purchase Agreement to terminate and repay certain obligations under the revolving credit facility, entered into by and among Constar, Inc. and certain of its affiliates (including the Company) and General Electric Capital Corporation (as amended, restated, or modified from time to time, the "GECC Credit Facility"), which provides for up to $75 million of available credit, with a sublimit of up to $20 million for the issuance of letters of credit; and

RESOLVED, that the Company be and hereby is authorized to enter into and file that certain cash collateral stipulation or order with respect to the GECC Credit Facility, substantially in the form presented to the Board of Directors (the "Cash Collateral Stipulation"), which provides for, among other things, (i) the use of cash collateral pending repayment of the GECC Credit Facility pursuant to the DIP Note Purchase Agreement, (ii) the provision of adequate protection, and (iii) the provision of cash collateral for each undrawn letter of credit issued under the GECC Credit Facility, in an amount equal to 105% of the face amount of such letter of credit, subject to such changes, additions and/or deletions thereto as the Authorized Officers, and each of them acting singly, shall deem necessary or appropriate, in their own discretion, his or her execution and delivery thereof to be conclusive evidence of his or her authority granted pursuant hereto; and

RESOLVED, that the Authorized Officers and each of them singly, acting for and on behalf of the Company, be, and they hereby are, authorized and empowered to execute, deliver and file the Cash Collateral Stipulation, subject to such changes, additions and/or deletions to the Cash Collateral Stipulation as the Authorized Officers, and each of them acting singly, shall deem necessary or appropriate, in their own discretion, his or her execution and delivery thereof to be conclusive evidence of his or her authority granted pursuant hereto; and

RESOLVED, that the Company be and hereby is authorized, upon court approval, to enter into a new letter of credit arrangement during the pendency of the chapter 11 case for the issuance of new letters of credit and the cash collateralization thereof, containing

8

such terms as the Authorized Officers, and each of them acting singly, shall deem necessary or appropriate, in their own discretion, his or her execution and delivery thereof to be conclusive evidence of his or her authority granted pursuant hereto; and

RESOLVED, that the Authorized Officers and each of them singly, acting for and on behalf of the Company, be, and they hereby are, authorized and empowered to execute and deliver the documents evidencing the letter of credit arrangement, subject to such changes, additions and/or deletions as the Authorized Officers, and each of them acting singly, shall deem necessary or appropriate, in their own discretion, his or her execution and delivery thereof to be conclusive evidence of his or her authority granted pursuant hereto; and

IV.    Exit Financing

RESOLVED, that the Company be and hereby is authorized to enter into that certain commitment letter dated January 10, 2011 by and between the Company and Wells Fargo, substantially in the form presented to the Board of Directors, providing for the terms set forth in such commitment letter, including but not limited to the establishment of a senior secured asset-based exit revolving credit facility of up to $60 million, and to pay fees associated therewith upon court approval, pursuant to the terms and conditions of the fee letter dated January 10, 2011, substantially in the form presented to the Board of Directors; and

RESOLVED, that the Authorized Officers and each of them singly, acting for and on behalf of the Company, be, and they hereby are, authorized and empowered to execute and deliver the commitment letter and fee letter, subject to such changes, additions and/or deletions as the Authorized Officers, and each of them acting singly, shall deem necessary or appropriate, in their own discretion, his or her execution and delivery thereof to be conclusive evidence of his or her authority granted pursuant hereto; and

V.    Further Actions and Prior Actions

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers of the Company or their designees shall be, and each of them, acting alone, hereby is, authorized, directed and empowered, in the name of, and on behalf of, the Company, to take or cause to be taken any and all such further actions, to execute,

deliver and perform any and all such agreements, certificates, instruments and other documents and to pay all expenses, including filing fees, in each case as in such officer or officers' judgment shall be necessary or desirable to full carry out the intent and accomplish the purposes of the Resolutions adopted herein; and

RESOLVED, that all acts, actions and transactions relating to the matters contemplated by the foregoing Resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing Resolutions except that such acts were taken before these resolutions were certified, are hereby in all respects approved and ratified.

By:      Kenneth Giannantonio
Title:   Secretary

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CONSTAR INTERNATIONAL INC., et al.,[1] | Case No. 11-_____ (___) |
| Debtors. | Joint Administration Requested |

## CONSOLIDATED LIST OF CREDITORS HOLDING
## 30 LARGEST UNSECURED CLAIMS

The following is a list of creditors holding the thirty (30) largest unsecured claims against the above-captioned Debtor and certain affiliated entities that have simultaneously commenced chapter 11 cases in this Court (collectively, the "Debtors"). This list has been prepared on a consolidated basis from the unaudited books and records of the Debtors, as of January 10, 2011. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in the Debtors' chapter 11 cases. This list does not include (i) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101(31) or (ii) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 30 largest unsecured claims. The information herein shall not constitute an admission of liability by, nor is it binding on, any Debtors with respect to all or any portion of the claims listed below.

---

[1] The Debtors and the last four digits of their respective tax identification numbers are: Constar International Inc. (XX-XXX9304), BFF Inc. (XX-XXX1229), DT, Inc. (XX-XXX7693), Constar, Inc. (XX-XXX0950), Constar Foreign Holdings, Inc (XX-XXX8591) and Constar International U.K. Limited. The address of Constar International Inc., BFF Inc., DT, Inc., Constar, Inc. and Constar Foreign Holdings, Inc. is One Crown Way, Philadelphia, Pennsylvania 19154. The address of Constar International U.K. Limited is Moor Lane Trading Estate, Sherburn in Elmet, Nr Leeds, North Yorkshire LS25 6ES, UK.

Consolidated List of Top 30 Unsecured Creditors for All Debtors *

| COUNT | NAME, TELEPHONE NUMBER AND COMPLETE MAILING ADDRESS INCLUDING, ZIP CODE OF EMPLOYEE, AGENT OR DEPARTMENT OF CREDITOR FAMILIAR WITH CLAIMS WHO MAY BE CONNECTED. | NATURE OF CLAIM (TRADE DEBT, BANK LOAN, GOVERNMENT CONTRACT, ETC.) | INDICATE IF CLAIM IS CONTINGENT, UNLIQUIDATED, DISPUTED, OR SUBJECT TO SETOFF | AMOUNT OF CLAIM (IF SECURED, ALSO STATE VALUE OF SECURITY) |
|---|---|---|---|---|
| 1 | DAK AMERICAS LLC<br>5925 CARNEGIE BLVD STE 500<br>CHARLOTTE, NC 28209<br>USA<br>Phone: 800-227-6335<br>Fax: 704-940 -7501 | Trade Vendor | | $9,087,743.29 |
| 2 | M&G POLYMERS USA LLC<br>BANK OF AMERICA RECE<br>LOCKBOX 402479<br>COLLEGE PARK, GA 30349<br>USA<br>Phone: 877-738-2878<br>Fax: 330-239-7403 | Trade Vendor | | $4,218,780.19 |
| 3 | UAB INDORAMA POLY<br>KLAIPEDA FREE ECONOMIC ZONE<br>METALO G.16<br>KLAIPEDA, LT-94102<br>LITHUANIA<br>Phone: 370-46-300815<br>Fax: 370-46-314323 | Trade Vendor | | $1,833,809.53 |
| 4 | STARPET INC<br>PO BOX 32101<br>CHARLOTTE, NC 28232-2101<br>USA<br>Phone: 336-672-0101<br>Fax: 336-672-1904 | Trade Vendor | | $1,291,676.26 |
| 5 | EDDIE STOBART LTD<br>SOLWAY BUSINESS CENTRE<br>KINGSTOWN<br>CARLISLE, CUMBRIA CA6 4BY<br>UK<br>Fax: 1768 899 137 | Trade Vendor | | $423,236.54 |
| 6 | OBRIST CLOSURES<br>ROMERSTRASSE 83<br>REINACH, CH-4153<br>SWITZERLAND<br>Phone: 41 061 715 24 24<br>Fax: 41 061 715 24 25 | Trade Vendor | | $413,427.73 |
| 7 | INDEPENDENCE ADMINISTRATOR<br>720 BLAIR MILL ROAD<br>HORSHAM, PA 19044<br>USA<br>Phone: 800-ASK-BLUE<br>Fax: 215-238-7993 | Trade Vendor | | $407,623.47 |
| 8 | PROGRESS ENERGY<br>PO BOX 2041<br>RALEIGH, NC 27602<br>USA<br>Phone: 800-452-2777<br>Fax: 919-232-5634 | Trade Vendor | | $296,647.68 |
| 9 | PROLOGIS<br>PO BOX 843778<br>DALLAS, TX 75284<br>USA<br>Phone: 800-566-2706<br>Fax: 303-567-5605 | Trade Vendor | | $236,842.71 |
| 10 | GEORGIA POWER COMPANY<br>PO BOX 102473 68 AN<br>ATLANTA, GA 30368-0001<br>USA<br>Phone: 888-655-5888<br>Fax: 404-506-1474 | Trade Vendor | | $207,071.27 |

* The information in this list was based on information available at the time the list was compiled and the Debtors reserve the rights to modify this list.

Consolidated List of Top 30 Unsecured Creditors for All Debtors *

| COUNT | NAME, TELEPHONE NUMBER AND COMPLETE MAILING ADDRESS INCLUDING, ZIP CODE OF EMPLOYEE, AGENT OR DEPARTMENT OF CREDITOR FAMILIAR WITH CLAIMS WHO MAY BE CONNECTED. | NATURE OF CLAIM (TRADE DEBT, BANK LOAN, GOVERNMENT CONTRACT, ETC.) | INDICATE IF CLAIM IS CONTINGENT, UNLIQUIDATED, DISPUTED, OR SUBJECT TO SETOFF | AMOUNT OF CLAIM (IF SECURED, ALSO STATE VALUE OF SECURITY) |
|---|---|---|---|---|
| 11 | CONSTAR INTERNATIONAL<br>HENGELDER 42<br>ZEVENAAR, NL-6902<br>NETHERLANDS | Trade Vendor | | $202,143.88 |
| 12 | MITSUBISHI GAS CHEMICAL C<br>520 MADISON AVE FL 2<br>NEW YORK, NY 10022-4213<br>USA<br>Phone: 212-752-4620<br>Fax: 212-687-2810 | Trade Vendor | | $198,544.50 |
| 13 | COLORMATRIX CORPORATION<br>680 NORTH ROCKY RIVE<br>BEREA, OH 44017-1628<br>USA<br>Phone: 216-622-0100<br>Fax: 216-622-0502 | Trade Vendor | | $175,155.82 |
| 14 | HURRICANE ASSOCIATES LLS<br>71 W PARK AVENUE<br>PO BOX 1503<br>VINELAND, NJ 8360<br>USA<br>Phone: 856-794-4503 | Trade Vendor | | $158,624.99 |
| 15 | AMERICAN EXPRESS COMPANY<br>TRAVEL RELATED SERVI<br>PO BOX 360001<br>FORT LAUDERDALE, FL 33336-0001<br>USA<br>Phone: 800-528-4800<br>Fax: 623-444-3001 | Trade Vendor | | $150,637.83 |
| 16 | CUSTOM POLYMERS PET, LLC<br>700 TUCKASEEGEE ROAD<br>CHARLOTTE, NC 28208<br>USA<br>Phone: 256-232-3543<br>Fax: 256-232-2497 | Trade Vendor | | $124,502.28 |
| 17 | SMURFIT KAPPA (EX)<br>MOLD BUSINESS PARK<br>MAES GWERN<br>MOLD, FLINTSHIRE CH7 1XZ<br>UK<br>Fax: 33-1-49523270 | Trade Vendor | | $109,015.41 |
| 18 | FOSTAG FORMENBAU<br>STEIN AM RHEIN, CH-8260<br>SWITZERLAND<br>Phone: 41 52 742 25 55<br>Fax: 41 52 742 25 00 | Trade Vendor | | $98,079.90 |
| 19 | LANXESS CORPORATION<br>111 RIDC PARK WEST D<br>PITTSBURGH, PA 15275-1112<br>USA<br>Phone: 412-809-1507<br>Fax: 412-809-1634 | Trade Vendor | | $90,747.41 |
| 20 | SAMUEL STRAPPING SYSTEMS<br>PO BOX 710359<br>CINCINNATI, OH 45271-0359<br>USA<br>Phone: 800-323-4424<br>Fax: 614-864-3708 | Trade Vendor | | $83,300.00 |
| 21 | INTERNATIONAL PAPER<br>6400 POPLAR AVE<br>MEMPHIS, TN 38197<br>USA<br>Phone: 847-553-1415<br>Fax: 404-350-7290 | Trade Vendor | | $80,300.14 |

Consolidated List of Top 30 Unsecured Creditors for All Debtors *

| COUNT | NAME, TELEPHONE NUMBER AND COMPLETE MAILING ADDRESS INCLUDING, ZIP CODE OF EMPLOYEE, AGENT OR DEPARTMENT OF CREDITOR FAMILIAR WITH CLAIMS WHO MAY BE CONNECTED. | NATURE OF CLAIM (TRADE DEBT, BANK LOAN, GOVERNMENT CONTRACT, ETC.) | INDICATE IF CLAIM IS CONTINGENT, UNLIQUIDATED, DISPUTED, OR SUBJECT TO SETOFF | AMOUNT OF CLAIM (IF SECURED, ALSO STATE VALUE OF SECURITY) |
|---|---|---|---|---|
| 22 | KATHY SHEELER-COUNTY TREA<br>CHESTERFIELD COUNTY<br>200 W MAIN ST<br>CHESTERFIELD, SC 29709-1527<br>USA<br>Phone: 843-623-2563<br>Fax: 843-623-6352 | Trade Vendor | | $80,250.67 |
| 23 | AMEREN ENERGY MARKETING CORPORATION<br>PO BOX 66149<br>MAIL CODE 1020<br>ST LOUIS, MO 63166-6149<br>USA<br>Phone: 888-451-3911<br>Fax: 866-297-8054/314-554-2814 | Trade Vendor | | $75,068.41 |
| 24 | ALLIED STAFFING LLC<br>PO BOX 26147<br>SHAWNEE MISSION, KS 66225-6147<br>USA<br>Phone: 913-253-7000<br>Fax: 913-491-3577 | Trade Vendor | | $68,990.89 |
| 25 | PRIME INVESTMENTS INC<br>801 ARMOURDALE PARKW<br>KANSAS CITY, KS 66105-2103<br>USA<br>Phone: 913-281-5353<br>Fax: 913-281-5399 | Trade Vendor | | $65,064.33 |
| 26 | HUSKY IMS<br>PO BOX 532407<br>ATLANTA, GA 30353-2407<br>USA<br>Phone: 716-630-7300<br>Fax: 716-630-7390 | Trade Vendor | | $60,919.40 |
| 27 | PATRIOT ALSIP - TECH CENTE<br>BUILDING ID CEM002<br>PO BOX 6105<br>HICKSVILLE, NY 11802-6105<br>USA<br>Phone: 847-706-4988 | Trade Vendor | | $55,936.00 |
| 28 | LOTTE CHEMICAL<br>DAVIES OFFICES<br>WILTON SITE<br>REDCAR, TS10 4XZ<br>UK<br>Fax: 82-2-565-0615 | Trade Vendor | | $51,668.87 |
| 29 | SIDEL INCORPORATED<br>PO BOX 198848<br>ATLANTA, GA 30384-8848<br>USA<br>Phone: 800-453-7439<br>Fax: 678-221-3000 | Trade Vendor | | $50,110.55 |
| 30 | GE CAPITAL<br>44 RIDGEBURY RD<br>DANBURY, CT 06810-5107<br>USA<br>Phone: 203-749-6329<br>Fax: 203-373-3225 | Trade Vendor | | $46,033.97 |

## CONSOLIDATED LIST OF TOP 30 CREDITORS

## DECLARATION UNDER PENALTY OF PERJURY ON
## BEHALF OF CORPORATION OR PARTNERSHIP

I, Grant H. Beard, President and Chief Executive Officer of Constar International Inc., declare under penalty of perjury that I have read the foregoing Consolidated List of Top 30 Creditors and that it is true and correct to the best of my knowledge, information and belief.

Date:  January __, 2011

_____
Grant H. Beard
President and Chief Executive Officer