# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | )  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CONSTAR INTERNATIONAL INC., et al.,[1] | ) Case No. 11-10109 (CSS) |
| | ) |
| Debtors | ) Jointly Administered |
| | ) |

## AFFIDAVIT OF DISINTERESTEDNESS

STATE OF NEW YORK )
) ss:
COUNTY OF MANHATTAN )

Edward. J.Bisno, being duly sworn, upon his oath, deposes and says:

1. I am an individual/sole proprietor doing business as Bisno Communications, located at 420 East 72nd Street 8J, New York, NY 10021 (the "Company").

2. The above-captioned debtors and debtors in possession (collectively, the "Debtors") have requested that the Company provide investor relations services to the Debtors, and the Company has consented to provide such services.

3. The Company may have provided services in the past, may currently perform services, and may perform services in the future in matters unrelated to these chapter 11 cases (the "Chapter 11 Cases"), for persons or corporations that are or may be parties in interest in the Debtors' Chapter 11 Cases including but not limited to Crown Holdings, Inc. The Company does not perform services for any such person or corporation in connection with these Chapter 11 Cases, or have any relation with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

4. As part of its customary practice, the Company is retained in ongoing investor relations and corporate communications programs involving many different parties and companies (including Crown Holdings, Inc.) some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these Chapter 11 proceedings or be claimants or parties in interest in these proceedings.

---

[1] The Debtors and the last four digits of their respective tax identification numbers are: Constar International Inc. (XX-XXX9304), BFF Inc. (XX-XXX1229), DT, Inc. (XX-XXX7693), Constar, Inc. (XX-XXX0950), Constar Foreign Holdings, Inc. (XX-XXX8519) and Constar International U.K. Limited The address of Constar International Inc., BFF Inc., DT, Inc., Constar, Inc. and Constar Foreign Holdings, Inc. is One Crown Way, Philadelphia, Pennsylvania 19154. The address of Constar International U.K. Limited is Moor Lane Trading Estate, Sherburn in Elmet, Nr Leeds, North Yorkshire LS25 6ES, UK.

5.  Neither I or any professional employed by the Company has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Company.

6.  Neither I or any professional employed by the Company, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Company has been employed.

7.  The Debtors owe the Company $1774.20 for prepetition services, the payment of which is subject to limitations contained in the United States Bankruptcy Code, 11 U.S.C. § 101, et. seq.

8.  As of the Petition Date, the Company was party to an agreement for indemnification with certain of the Debtors [A copy of such agreement is attached hereto as Exhibit A to this Affidavit].

9.  The Company is conducting further inquires regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during its employment, if the Company should discover any facts bearing on the matters described herein, the Company will supplement the information contained in this affidavit.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 8, 2011

_(signature)_

Sworn to and subscribed before me
This 8 day of February, 2011

_(signature)_
Notary Public

DAVID M. ROBERTS
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN KINGS COUNTY
REG. NO. 01RO6187126
MY COMMISSION EXPIRES 05-12-2012

**Bisno Communications**

2 Washington Square 7D
Larchmont, NY 10538

**LETTER AGREEMENT**

September 12, 2003

James C. Cook
Executive Vice President and Chief Financial Officer
Constar Inc.
Corporate Headquarters
One Crown Way
Philadelphia, PA 19154-4599

Dear Jim:

This letter, when signed by you in the space provided below, constitutes the agreement ("Agreement") between Constar Inc. ("Client") and Edward J. Bisno, doing business as Bisno Communications, (Bisno) for the provision of public relations services.

    1.    **Services.** Bisno shall provide investor relations counseling and support to Client ("Services").

    2.    **Compensation.**

        2.1.    **Budget.** The budget for the investor relations services and support is $10,000 per month payable in advance. The Services and Budget do not include material fulfillment, crises, or annual reports.
        If Client wants to expand the scope of work beyond investor relations or wants additional services, Client and Bisno shall mutually agree upon the additional services to be performed and the amount required to perform the additional services. Bisno shall bill and Client shall pay Bisno for the same.

        2.2.    **Fee Billing.** Bisno shall bill prior to the beginning of each month, an amount of $10,000 ("Retainer"). The Retainer shall compensate Bisno for performance of the Services during that month. Bisno does not have to provide Client with hourly billing detail.

        2.3.    **Expenses.** Client shall reimburse Bisno for all reasonable out-of-pocket, third-party vendor expenses (pre-approved by client) incurred and payable by Bisno in performing the Services. These include, but are not limited to, routine administrative expenses such as telephone, photocopying, faxing, postage and express delivery charges; the use of news wire distribution services; design, production and distribution of printed and audio-visual materials. Client shall prepay Bisno for any out-of-pocket expenses that are equal to or greater than $500, but may prepay any expense. To the extent Client has prepaid expenses, Bisno shall apply such prepaid amount to out-of-pocket expenses incurred and payable by Bisno, at Bisno's actual cost, in performing the Services.

Client shall reimburse Bisno monthly for all reasonable travel or entertainment related expenses that were pre-approved by client and incurred by Bisno or its employees in performing the Services, including, but not limited to, entertainment of journalists, air travel, ground transportation, lodging, meals, tips and wireless and long distance telephone calls. All such expenses shall be paid at Bisno's actual cost.

Whenever possible Bisno will arrange for Client to be invoiced directly for all outside vendor or to pre-bill Client for all significant vendor charges that are anticipated.

Client, recognizing that Bisno is obligated to pay out-of-pocket, third party vendor expenses and other costs in full in the local currency in which they were incurred, shall reimburse Bisno if any shortfall occurs as a result of fluctuating currency exchange rates. In such instances, Bisno will include an adjustment in the next monthly invoice or render a separate invoice.

**2.4. Payment.** Except as otherwise provided herein, payments for the fees and expenses described in this Section 2 are due and owing to Bisno within 60 days of the invoice dates. Bisno's failure to issue an invoice in a timely manner will not relieve Client of Client's obligation to pay the amounts due pursuant to such invoice, but will postpone the due date accordingly. Bisno may impose a monthly late fee equal to one percent (1%) of any outstanding balance on invoices more than thirty (30) days past due.

### 3. Indemnification.

**3.1** Client shall be responsible for the accuracy and completeness of information, statements and materials concerning its organization, products or services. Client represents and warrants that it is the owner of all intellectual property rights sufficient to enable Bisno to edit, reproduce and otherwise use, publish and distribute materials provided by Client. Client shall defend, indemnify and hold Bisno harmless from and against any third-party liabilities, actions, claims, damages, judgments or reasonable expenses, including reasonable attorneys' fees and costs, (collectively "Claims") that arise out of or relate to: (i) any act or failure to act by Client in connection with this Agreement, including breach of any provision of this Agreement; (ii) information, statements or materials (including any Claims relating to intellectual property rights therein), prepared or provided by Client or that Client directed Bisno to use, including, without limitation, any Claims of infringement or misappropriation of copyright, trademark, patent, trade secret or other intellectual property or proprietary right, infringement of the rights of privacy or publicity, or defamation or libel; (iii) information, statements and materials (including any Claims relating to intellectual property rights therein) prepared for Client that Client expressly approved; or (iv) Client's gross negligence or willful misconduct, except that this indemnification shall not apply with respect to any Claims that are finally judicially determined to have resulted from the gross negligence or willful misconduct of Bisno or a breach of this Agreement by Bisno. In addition, in matters in which Bisno is not a party, Client shall pay or reimburse Bisno for all reasonable staff time, attorneys' fees and expenses Bisno incurs in relation to subpoenas, depositions, discovery demands and other inquiries in connection with suits, proceedings, legislative or regulatory hearings, investigations or other civil or criminal proceedings in which Client is a party, subject or target.

**3.2** Bisno shall defend, indemnify and hold Client harmless from and against any third-party liabilities, actions, claims, damages, judgments or expenses, including reasonable attorneys' fees and costs, (collectively "Claims") that arise out of, or relate to Bisno's gross negligence or willful misconduct in performing the Services under this Agreement.

**3.3** The indemnifying party's obligations under this Agreement are conditioned upon (i) the other party's giving prompt, written notice of a Claim; (ii) the indemnifying party having sole control of the defense and settlement of a Claim (provided that the indemnifying party may not settle any Claim in a manner that would adversely affect the other party's rights, reputation or interests without the other party's prior written consent, which shall not be unreasonably withheld); and (iii) the other party's cooperation with the indemnifying party, at the indemnifying party's expense, in the defense and settlement of the Claim, as the indemnifying party may reasonably request. The party seeking indemnification shall have the right to participate in, but not control, the defense thereof with counsel of its choosing at its own expense.

3.4     This Section shall survive termination or expiration of this Agreement.

4.     **Term.** This Agreement shall commence effective as of September 1, 2003 and shall continue for six months. Thereafter, unless previously terminated as provided below, this Agreement shall automatically renew for an additional six month term.

5.     **Termination**. Either party may terminate this Agreement for any reason by providing the other party with not less than thirty (30) days' written notice. In addition, either party may terminate this Agreement upon ten (10) days' written notice to the other party in the event of a material breach of this Agreement (including non-payment of any invoice), if such breach is not corrected by the other party within the ten-day period. Bisno may immediately terminate this Agreement if Client is the subject of a petition in bankruptcy, whether voluntary or involuntary, or of any other proceeding under bankruptcy, insolvency or similar laws; makes an assignment for the benefit of creditors, or is named in, or its property is subjected to, a suit for the appointment of a receiver; or is dissolved or liquidated. The respective rights and duties of the parties shall continue in full force and effect during the notice period and Client will be obligated to pay Bisno's fees and expenses through the termination date. Upon expiration or termination of this Agreement, Client shall: (i) reimburse Bisno for any existing non-cancelable contract or commitment made by Bisno in connection with the performance of the Services, not to exceed $5,000; (ii) pay or reimburse Bisno for any expenses incurred or non-cancelable expenses committed to be incurred, pursuant to the terms of this Agreement; and (iii) pay Bisno's fees for the Services through the termination date. This Section shall survive termination or expiration of this Agreement.

6.     **Cancellation**. Client may cancel any portion of the Services provided that no cancellation shall reduce the fees payable under this Agreement by more than 10% and provided that Client shall reimburse Bisno for all expenses incurred or non-cancelable expenses committed to be incurred with respect to such canceled Services, not to exceed $10,000. If Client wants Bisno to cease all work under this Agreement, Client must terminate this Agreement as set forth in the Termination Section above.

7.     **Limitation of Liability.** Bisno's aggregate liability arising out of, or relating to, this agreement (whether in contract, tort or other legal theory) shall not exceed the amount of fees paid by client to Bisno pursuant to this agreement. This Section shall survive termination or expiration of this Agreement.

8.     **Confidentiality.** Bisno will keep confidential all information and materials of the other party and will limit access to such information and materials to those with a need to know for purposes of performing the Services. Bisno will not use such information and materials for any purpose except performance of the Services. Bisno acknowledges that a breach of this Section 8 would cause irreparable harm to client, and Bisno consents to Client's obtaining an injunction or other equitable relief in connection with any such breach. Notwithstanding the foregoing, each party acknowledges that information and materials shall not be deemed confidential for the purposes of this Agreement if such information and materials: (i) enter the public domain through no wrongful act or breach of any obligation of confidentiality on the receiving party's part; (ii) are required to be disclosed by law or applicable legal process (provided that the disclosing party is given prompt notice of the demand for disclosure so that the disclosing party may seek a protective order or obtain confidential treatment, and provided that the receiving party provides reasonable assistance in connection therewith at the disclosing party's expense; or (iii) are authorized for release by written authorization of the disclosing party. The obligations under this Section shall survive expiration or termination of this Agreement for a period of five years.

9.     **Intellectual Property.** Unless provided for in the Budget and paid for by Client, Bisno does not perform any searches, including trademark or patent searches, to determine if materials prepared or provided by Bisno or the Client, or any portion thereof, may infringe the rights of any third party, and such

searches and determinations are the responsibility of Client. Nothing in this Agreement shall prohibit or prevent Bisno from using materials that are obtained from third parties pursuant to limited licenses.

Upon payment in full of all amounts due and owing Bisno with respect to Services, Bisno will, upon Client's request, assign all of its right, title and interest, including all of its copyright and trademark rights, in the materials Bisno creates in connection with the Services. Upon Client's request, and at Client's expense, Bisno shall use reasonable efforts to obtain from any third party any and all assignments and releases necessary to grant Client the rights of such third party. This Section shall survive termination or expiration of this Agreement.

10. **Choice of Law and Jurisdiction.** This Agreement shall be construed in accordance with the laws of the State of New York, regardless of any conflict of law rules. Client and Bisno hereby submit to the non-exclusive jurisdiction of the federal and state courts located in the State of New York. This Section shall survive termination or expiration of this Agreement.

11. **Assignment.** Neither party may assign this Agreement or any rights or obligations hereunder, whether directly or indirectly, without the prior written consent of the other party. Bisno shall not subcontract any part of the Services.

12. **Notice.** Except as otherwise provided herein, all notices that either party is required or may desire to give the other party hereunder shall be in writing and shall be sufficiently given if (i) delivered in person, (ii) sent by registered or certified mail, either postage prepaid, (iii) sent by prepaid overnight courier; (iv) transmitted by facsimile, upon receipt of a confirmation of receipt, or (v) transmitted by e-mail, when received and opened. All such notices shall be addressed to each party as follows:

                        To Client:
                        James C. Cook
                        **Executive Vice President and Chief Financial Officer**
                        **Constar International Inc.**
                        **One Crown Way**
                        **Philadelphia, PA 19154-4599**
                        **Tel: 215-698-5392**
                        **Fax: 215-698-3715**
                        **E-mail: jcook@constar.net**

To Bisno:          **Edward J. Bisno, Inc.**
                        **Bisno Communications**
                        **2 Washington Square 7D**
                        **Larchmont, New York 10538**
                        **Tel: 914-833-5177**
                        **Cell: 917-881-5441**
                        **E-mail: ed10538@aol.com**

13. **Section Headings.** Section headings contained herein are solely for convenience and are not in any sense to be given weight in the construction of this Agreement.

14. **Entire Agreement.** This Agreement, constitutes a single agreement, as well as the entire agreement with respect to the subject matter hereof, supersedes any prior or contemporaneous agreement between the parties, whether written or oral, with respect to the subject matter hereof, and may be modified or amended only by a writing signed by the party to be charged.

Your signature below confirms that you, as an authorized representative of Client, enter into this Agreement on behalf of Client.

Sincerely,

**Bisno Communications**

*[signature]*

Edward J. Bisno


ACCEPTED AND AGREED TO ON
THIS 12th DAY OF SEPTEMBER, 2003.

Constar Inc.

By: *[signature]*

James C. Cook
Executive Vice President and Chief Financial Officer